# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ABEL J. DEDEAUX, #L6562**                                                **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 1:15-cv-112-HSO-RHW**

**THERESSIA A. LYONS**                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

*Pro se* Plaintiff Abel J. Dedeaux, an inmate of the Mississippi Department of Corrections (MDOC), filed this Complaint pursuant to 42 U.S.C. § 1983. The named Defendant is Theressia A. Lyons. Plaintiff has been granted permission to proceed *in forma pauperis*. *See* Order [13].

### I. BACKGROUND

Plaintiff pleaded guilty to unlawful possession of a firearm by a convicted felon in the Circuit Court of Harrison County, Mississippi. Petition [1-1] at 5-7. In his Complaint, Plaintiff claims that his privately retained attorney, Defendant Theressia A. Lyons, who represented him with respect to the criminal charge, failed "to file certain motion(s)." Compl. [1] at 4.[1] In an amended pleading, Plaintiff states that he is incarcerated illegally because of Defendant's "misrepresentation." Mot. [11] at 3. He seeks the return of the $1,000.00 he paid Defendant to file the motion(s), and an additional $50,000.00 in punitive damages. Compl. [1] at 4.

---

[1]Plaintiff's Complaint also references ineffective assistance of counsel resulting in Plaintiff's illegal conviction. Compl. [1] at 6. Plaintiff's habeas corpus claims were severed from this lawsuit by prior Order [14].

## II. DISCUSSION

Title 28 U.S.C. § 1915 applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2), provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court permitted Plaintiff to proceed *in forma pauperis* (IFP) in this action [13], thus his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff fails to state a claim under 42 U.S.C. § 1983 unless he can show that Defendant violated his constitutional rights while acting under color of state law. *See Manax v. McNamara*, 842 F.2d 808, 812 (5th Cir. 1988). Defendant was acting as Plaintiff's private attorney, and not as a government actor. Defense attorneys "[do] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Private attorneys are not state actors and generally are not subject to § 1983 liability for "independent judgments and actions taken during the course of representing a defendant." *Combs v. City of Dallas*, 289 F. App'x 684, 687 (5th Cir. 2008).

Claims against an attorney for conspiring with a state actor may be brought pursuant to § 1983. *Mills v. Criminal Dist. Court #3*, 837 F.2d 677, 679 (5th Cir. 1988). In his Complaint, Plaintiff makes reference to Defendant's communications

with the prosecuting attorneys. Compl. [1] at 6, 13. Specifically, Plaintiff alleges that Defendant should not have told the prosecutors a witness would testify for Plaintiff that the weapon found in a vehicle with Plaintiff was not Plaintiff's. *Id.* Plaintiff also alleges that one prosecutor said Plaintiff was lying about that particular defense. *Id.* at 13. However, Plaintiff does not allege a conspiracy nor does he set forth facts to support a conspiracy claim between Defendant and the prosecutors to deprive him of his constitutional rights. Even taking these allegations as true, Plaintiff's pleadings reflect that Defendant exercised independent judgment in representing him and do not indicate that he is alleging any conspiracy between Defendant and any prosecutor.

The Court has liberally construed Plaintiff's pleadings. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). Even so, Plaintiff's Complaint fails to state a claim for relief under § 1983 that is "plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Plaintiff has failed to state a § 1983 claim against his criminal defense attorney, and therefore, his Complaint filed pursuant to 42 U.S.C. § 1983 will be dismissed with prejudice. This dismissal will count as a "strike" under 28 U.S.C. § 1915(g). A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of June, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE